**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ODESSA BABBITT**, Plaintiff | ) | |
| **v.** | ) | C.A. No.: 07-274 |
| **PRI XVIII, L.P. d/b/a The Westin Providence** Defendant | ) | |

# AMENDED COMPLAINT

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **ODESSA BABBITT** (hereafter "Babbitt" or "Plaintiff"), an individual, against **PRI XVIII, L.P. d/b/a The Westin Providence** (hereafter "Defendant" or "Employer"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims.

At the time of the events at issue in this Complaint, Ms. Babbitt, a female, had been employed by the Defendant for approximately three months in the position of room service attendant. The Plaintiff alleges that she was discriminated against on the basis of her gender, subjected to a sexually hostile work environment, and retaliated against for reporting unlawful workplace conditions, ultimately resulting in her termination.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business, in Providence, Rhode Island, One West Exchange Street; Providence, RI 02903, within this judicial district;

c. the Plaintiff would currently be receiving the full and fair benefit of her employment with the Defendant and its place of business in Providence, Rhode Island, within this judicial district, but for the Defendant's unlawful employment practices.

4. On November 30, 2006 Babbitt timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and that she was retaliated against — RICHR #: 07-ESH 124; EEOC #: 16J-2007-00079.

5. In timely fashion, Babbitt requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 1).

6. Babbitt fulfilled all other conditions precedent to the institution of each count of this action.

**PARTIES**

7. The Plaintiff, Odessa Babbitt, is a female, and a resident of the City of East Providence, Rhode Island.

8. The Defendant PRI XVIII, L.P. d/b/a The Westin Providence is a foreign

corporation, duly authorized to conduct business in the State of Rhode Island. The Defendant operates a business located at One West Exchange Street; Providence, RI 02903.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12. At all times material to this action, Babbitt was and is an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act,

R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

**FACTS COMMON TO ALL COUNTS**

14. Plaintiff is a female.

15. Plaintiff was employed by the Defendant for approximately three months in the position of room service attendant.

16. Throughout the tenure of her employment, the Plaintiff performed her assigned job duties in a satisfactory manner, meeting the Defendant's legitimate expectations.

17. On or about September 8, 2006, Plaintiff was terminated.

18. On the date of Plaintiff's termination, she complained to her

manager that she had been subjected to ongoing sexual harassment in the workplace, perpetrated by co-employees, and reported what she reasonably believed to be a hostile work environment.

19. The conduct complained of by the Plaintiff was persistent and occurred on a repeated basis.

20. Such conduct included but was not limited to, sexually oriented statements, sexually suggestive gestures and other conduct perpetrated by Plaintiff's male co-employees.

21. Plaintiff did not encourage, participate in, or welcome this misconduct.

22. When the Plaintiff was terminated, her manager indicated that she could not have the Plaintiff working with the Defendant if Plaintiff was going to be involved in an issue or dispute regarding harassment.

23. Plaintiff was told by her manager that she was being terminated for being late approximately 1 ½ months previously, a pre-textual reason advanced to conceal the Defendant's discriminatory and retaliatory motive.

24. The Defendant's conduct referenced in the preceding paragraphs 17, 22, and 23, was undertaken to retaliate against the Plaintiff for asserting her right to be free from a discriminatory and unlawful work environment, and because she was female.

25. The Defendant's conduct, as referenced in the preceding paragraphs, and other conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, as a result of her gender and subjected her to retaliation.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e, ET SEQ.**

**HOSTILE WORK ENVIRONMENT**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**TERMINATION**

26. The allegations contained in Paragraphs 1-25, above, are incorporated herein by reference in their entirety.

27. The Defendant's discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d. terminating her based on her gender; and

e. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

28. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendant:

a. retaliating against Plaintiff;

b. forcing Plaintiff to work under discriminatory terms and conditions of employment, based on gender; and

c. terminating Plaintiff.

29. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected Plaintiff to discriminatory terms and conditions of employment, retaliated against her, or terminated her.

30. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendant's conduct has unlawfully deprived Plaintiff of her employment status, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L.§28-5-1 et seq.**

**HOSTILE WORK ENVIRONMENT**
**DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**TERMINATION**

31. Paragraphs 1-25 above are herein incorporated by reference in their entirety.

32. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;
d. terminating her; and
e. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

33. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendant's:

a. retaliating against Plaintiff for complaining about what she reasonably believed to be unlawful workplace treatment;
b. forcing Plaintiff to work under discriminatory terms and conditions of employment, based on gender; and
c. terminating Plaintiff.

34. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have retaliated against Plaintiff or subjected her to discriminatory terms and conditions of employment.

35. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**HOSTILE WORK ENVIRONMENT**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**TERMINATION**

36. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

37. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, terminated Plaintiff, and retaliated against Plaintiff, because of Plaintiff's gender.

38. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

39. By its conduct described in the preceding paragraphs, Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

40. The Defendant's conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**RHODE ISLAND WHISTLEBLOWER PROTECTION ACT**

41. Paragraphs 1-25, above, are incorporated herein, by reference, in their entirety.

42. Defendant has discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of her employment, because she complained to the Defendant regarding what she reasonably believed to have been Defendant's unlawful conduct, and indicated an intention to seek remedial assistance.

43. Defendant's conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

44. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered pecuniary losses, severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that the Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of gender.

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

h. any and all penalties and damages available pursuant to ERISA; and

i. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Odessa Babbitt,
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certification

I hereby certify that a true and correct copy of the above Amended Complaint was served on counsel for the Defendant, Dennis R. Gannon by electronic mail and fax on this 29th day of August, 2007.

/s/ Stephen T. Fanning

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Odessa Babbitt**
**685 Willett Avenue**
**Riverside, RI 02915**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2007-00079** | **Anne R. Giantonio, Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

APR 23 2007

Enclosures(s)

**Robert L. Sanders,**
**Area Office Director**

*(Date Mailed)*

cc: **THE WESTIN PROVIDENCE/STARWOOD**
**Hotels & Resorts Worldwide Inc**
**One Exchange Street**
**Providence, RI 02903**

Stephen T. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Boston Area Office

John F Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Charge Number: 16J-2007-00079C

## CERTIFICATE

Pursuant to 1601.28 (a) (2) of the Equal Employment Opportunity Commission's Regulations, this is to certify that it is probable that the Commission will be unable to complete its administrative processing of the above referenced charge, due to pending workload within 180 days from the filing of the charge.

APR 2 3 2007

Date

Robert L. Sanders
Director

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 07 ESH 124-30/06 EEOC NO. 16J-2007-00079

In the matter of

Odessa Babbitt
Complainant

Against

**NOTICE OF RIGHT TO SUE**

The Westin Providence (Starwood Hotels & Resorts Worldwide, Inc.)
The Procaccianti Group, LLC
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

6/12/07
Date

[signature]
Michael D. Évora
Executive Director

*****************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Steven J. Hayer, Starwood Hotels & Resorts Worldwide
James A. Procaccianti, President
Chief Executive Officer, The Westin Providence
Stephen T. Fanning, Esq.
Vincent Ragosta, Esq.
Westin Management Company North

CT Corporation System, Agent For Service
for Starwood Hotels & Resorts Worldwide Inc.

CT Corporation System, Agent For Service
Westin Management Company North