UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ODESSA BABBITT

v. C.A. No. 07-274 DLM

PRI XVIII, L.P. d/b/a
The Westin Providence

**ANSWER OF PRI XVIII, L.P. TO PLAINTIFF'S AMENDED COMPLAINT**

(1) Paragraph 1 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, PRI XVIII, L.P. ("Defendant") denies the allegations.

(2) Defendant denies engaging in unlawful employment practices. The remainder of Paragraph 2 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations.

(3) Defendant denies engaging in unlawful employment practices. The remainder of Paragraph 3 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations.

(4) Defendant admits that Babbitt filed a formal Charge of Discrimination with the Rhode Island Commission on Human Rights; however, Defendant denies discriminating or retaliating against Babbitt.

(5) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

(6) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

(7) Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

(8) Defendant admits that the PRI XVIII, L.P. is a foreign limited partnership duly authorized to do business in the State of Rhode Island and operates a business located at One Exchange Street, Providence, RI.

(9) Defendant admits the allegation in Paragraph 9 of Plaintiff's Complaint.

(10) Paragraph 10 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations.

(11) Paragraph 11 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations.

(12) Paragraph 12 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations.

(13) Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

(14) Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

(15) Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

(16) Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

(17) Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

(18) Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

(19) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

(20) Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

(21) Defendant is without knowledge of the allegations in Paragraph 21 of Plaintiff's Complaint.

(22) Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

(23) Defendant admits that Plaintiff was terminated for lateness, among other things. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

(24) Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

(25) Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

**Count I**

(26) Defendant incorporates its responses to Paragraphs 1-25 as if fully set forth herein.

(27) Defendant denies that it engaged in discriminatory conduct, policies and practices as alleged in Paragraph 27 of Plaintiff's Complaint.

(28) Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

(29) Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

(30) Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

**Count II**

(31) Defendant incorporates its responses to Paragraphs 1-25 as if fully set forth herein.

(32) Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

(33) Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

(34) Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

(35) Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

**Count III**

(36) Defendant incorporates its responses to Paragraphs 1-25 as if fully set forth herein.

(37) Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

(38) Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

(39) Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.\

(40) Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

**Count IV**

(41) Defendant incorporates its responses to Paragraphs 1-25 as if fully set forth herein.

(42) Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

(43) Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

(44) Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint

**<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiff has failed to exhaust her administrative remedies.

2. Plaintiff has failed to exhaust her remedies under a collective bargaining agreement governing her employment.

3. Plaintiff's Complaint fails to state claims against Defendant upon which relief can be granted.

4. Plaintiff has filed a petition in the Workers' Compensation Court of the State of Rhode Island ("WCC") alleging substantially the same facts as herein, and the Federal Court should abstain and defer to said WCC until said WCC court has made a factual determination.

5. On information and belief, Defendant, as Plaintiff's employer, exercised reasonable care to prevent and promptly correct any sexually harassing behavior in that it adopted policies and procedures containing:

a. a clear explanation of prohibited conduct;
b. assurance that employees who make complaints of harassment or provide information related to such complaints will be protected against retaliation;
c. a clear description of the complaint process that provides accessible avenues for complaints;
d. assurance that the employer will protect the confidentiality of harassment complaints to the extent possible;
e. a complaint process that provides for prompt, thorough, and impartial investigations; and
f. assurance that the employer will take immediate and appropriate corrective action when it determines that harassment has occurred; and

6. On information and belief, the Plaintiff unreasonably failed to take advantage of the preventive or corrective mechanisms provided by the Defendant, or to otherwise avoid harm, which had been communicated to the Plaintiff.

WHEREFORE, Defendant demands judgment against Plaintiff dismissing the Complaint with prejudice, awarding Defendant its costs and such other and further relief as shall be deemed meet and just.

**PRI XVIII, L.P.**
By its Attorney,

/S/ Dennis R. Gannon

Dennis R. Gannon, #2280
dgannonesq@cox.net
1140 Reservoir Avenue, Suite 3A
Cranston, RI 02920
(401) 228-8180
(866) 909-9863 (Fax)
Dated: September 4th, 2007

**CERTIFICATION**

I hereby certify that on the 4th day of September, 2007 a true and accurate copy of the within was sent by electronic means to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903

/S/ Dennis R. Gannon

Dennis R. Gannon