**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ODESSA BABBITT**, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No.: 07-274 |
| **v.** | ) | |
| | ) | |
| **PRI XVIII, L.P. d/b/a The Westin Providence** Defendant | | |

## STATEMENT FOR RULE 16 CONFERENCE

## I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was commenced by **ODESSA BABBITT** (hereafter "Babbitt" or "Plaintiff"), an individual, against **PRI XVIII, L.P. d/b/a The Westin Providence** (hereafter "Defendant" or "Employer"), in order to remedy and seek relief for the alleged Defendant's unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims.

## II. FACTS

Plaintiff, a female, was employed by the Defendant for approximately three months in the position of room service attendant at the Westin Hotel. Throughout the tenure of her employment, the Plaintiff performed her assigned job duties in a satisfactory manner, meeting the Defendant's legitimate expectations.

On or about September 8, 2006, Plaintiff was terminated, without prior notice or legitimate explanation. On the date of Plaintiff's termination, and preceding her termination, she complained to her immediate supervisor that she had been subjected to ongoing sexual harassment in the workplace, perpetrated by co-employees, and reported what she reasonably believed to be a hostile work environment. The conduct complained of by the Plaintiff was persistent and occurred on a repeated basis. Such conduct included but was not limited to, sexually oriented statements, sexually suggestive gestures and other conduct perpetrated by Plaintiff's male co-employees. Plaintiff did not encourage, participate in, or welcome this misconduct.

When the Plaintiff was terminated, her manager indicated that she could not have the Plaintiff working with the Defendant if Plaintiff was going to be involved in an issue or dispute regarding harassment. Plaintiff was told by her manager that she was being terminated for being late approximately 1 ½ months previously, a pre-textual reason advanced to conceal the Defendant's discriminatory and retaliatory motive.

## III. PERTINENT LAW

This case will be argued pursuant to the basic elements established in U.S. Supreme Court decisions analyzing sexual harassment and retaliation in the workplace and pertinent EEOC guidelines. *See* **Meritor Savings Bank v. Vinson**, 477 U.S. 57, 106 S. Ct 2399 (1986); **Burlington Industries v. Ellerth**, 524 U.S. 742, 118 S. Ct. 2257 (1998); **Faragher v. City of Boca Raton**, 524 U.S. 775 (1998); **EEOC Notice** #915.002 et seq. (June 18,1999). With respect to Plaintiff's state and federal claims the basic

analysis will be the same. *See for example*, **Ward v. City of Pawtucket Police Department** 639 A2d 379 (RI 1994).

## IV. TRIAL ISSUES:

No unusual trial issues are anticipated. This case presents a straightforward example of hostile environment sexual harassment, and retaliation.

## V. PROCEEDINGS TO DATE:

The Plaintiff has made an offer of settlement but has not heard a response from the Defendant. Defendant has served written discovery requests which are currently pending. Towards that end, the Plaintiff is open to participating in the Court's alternative dispute resolution program.

Respectfully Submitted,

Odessa Babbitt
By Her Attorney
Stephen T. Fanning
/s/ Stephen T. Fanning
Stephen T. Fanning (#3900)
305 South Main Street
401-272-8250
401-272-4520 fax

**Certification**

I hereby certify that a true and correct copy of the above was served on counsel for the Defendant by electronic mail, to Dennis Gannon, 1140 Reservoir Ave, Suite 3A, Cranston, RI 02920 on this 15th day of October 2007.

/s/ Stephen T. Fanning