UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ODESSA BABBITT, Plaintiff, | : | |
| v. | : | C.A. NO. 07-274 S |
| PRI XVIII, L.P. d/b/a/ THE WESTIN PROVIDENCE Defendant. | : | |

**MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 37, Defendant PRI XVIII, L.P. d/b/a The Westin Providence ("Westin" or "Defendant") hereby requests that this Court order Plaintiff Odessa Babbitt ("Plaintiff") to provide further answers to Defendant's first set of interrogatories to Plaintiff.

In August, 2007, Defendant served its first set of interrogatories upon Plaintiff, the answers to which were initially due on September 28, 2007. Defendant then agreed to Plaintiff's requests for two extensions of time within which to provide the answers to these interrogatories, making Plaintiff's answers due on October 23, 2007. Plaintiff answered the interrogatories on October 24, 2007, a copy of which is attached hereto as Exhibit A.

Plaintiff's answers are insufficient as described below:

**Interrogatory No. 4:** State the name of . . . any elementary, middle, and high schools and/or other institution of learning you attended, the dates of attendance, major or course of study and degree if obtained, and any and all extra-curricular activities in which you participated.

**Plaintiff's Answer:** Objection. Plaintiff objects to this Interrogatory insofar as it seeks to request information regarding any extracurricular activities in which Plaintiff participated. Plaintiff objects on the basis that this request is not reasonably calculated to the discovery of relevant evidence.

Further answering and without waiving said objection, Plaintiff attended the Martin Luther elementary school in Providence, RI until the fifth grade ('88-'93). Plaintiff then attended Myron J. Francis elementary school located in East Providence, Rhode Island ('93-'94).

For junior high school, Plaintiff attended Martin Middle School in East Providence, Rhode Island ('94-'97). Plaintiff attended East Providence high school ("97-'99).

**Argument**: Plaintiff's answer in unresponsive as she did not provide information regarding her major or courses of study and/or degrees obtained, or any and all extra-curricular activities in which she participated. The requested information is reasonably calculated to lead to the discovery of admissible evidence because in order for Plaintiff to establish a prima facie case of discrimination, she must show that she was qualified for her position and/or that a less qualified individual was hired to fill her position after she was terminated. Her educational background is relevant to that inquiry.

**Interrogatory No. 6:** State in detail all facts on which you base the allegation set forth in ¶16 of your Complaint.

**Plaintiff's Answer:** Throughout the tenure of Plaintiff's employment, the Employer never informed Plaintiff that her work performance fell below work standards or that she her work did not meet the Employer's legitimate work expectations. Plaintiff recalls two incidents where she was reprimanded for work performance, both months prior to her termination and neither warranting any serious reprimand. In one instance Plaintiff forgot to give a guest a spoon which resulted in a warning and in one instance the Plaintiff called the Employer to say she would be late, was approximately 15 minutes late, and received a warning. Approximately a month and a half later the Employer used this incidence of tardiness as the basis to terminate the Plaintiff after she reported workplace harassment.

**Argument**: Plaintiff's answer in unresponsive. Plaintiff alleges in paragraph 16 of her Amended Complaint that she met "the Defendant's legitimate expectations." Her response does not set forth or describe in any way the "legitimate expectations" which Plaintiff claims to have met, nor does it detail or describe the way in which Plaintiff met these "legitimate expectations." This information is both relevant and reasonably calculated to lead to the discovery of admissible evidence because, in order to set forth a prima facie case of discrimination, Plaintiff must establish that she performed her job in a satisfactory manner. In addition, Plaintiff relies on her assertion in paragraph 16 of her Amended Complaint to support her claims in this case. Plaintiff

must not be permitted to assert such an allegation to support her claim and then avoid providing a detailed explanation of it via the discovery process.

**Interrogatory No. 9:** If you are aware of any incidents of sexual harassment against any other person employed by the Defendant, please provide the following information:

a. The date of any such event.
b. An exact description of the location where the incident allegedly took place.
c. A complete description of said incident.
d. The names and addresses of all alleged perpetrators of said incident.
e. The names and addresses of all alleged victims of said incident.
f. The names and addresses of all alleged witnesses of said incident.
g. The names of any of Defendant's managers who plaintiff alleges witnessed said incident.
h. The date of first report of said incident to any manager of the Defendant.
i. A description of all documentation of said incident believed to exist.

**Plaintiff's Answer:** Objection. This request is overly broad, seeks information in large part that could not be within the purview of Plaintiff's reasonable knowledge and is not calculated to lead to the discovery of relevant evidence. Further answering, and without waiving said objection, Plaintiff responds that various incidents of sexually oriented conduct occurred in the workplace were tolerated by the Employer.

**Argument:** Plaintiff's answer is unresponsive. Plaintiff fails to provide the information requested, and merely states that "various incidents of sexually oriented conduct occurred in the workplace were tolerated by the Employer." Plaintiff asserts in her Amended Complaint that she experienced ongoing, persistent, and repeated sexual harassment and reported what she believed to be a hostile work environment to her employer. Amended Complaint, ¶¶ 18-20. Thus, information concerning whether Plaintiff is aware of other incidents of sexual harassment is both relevant to Plaintiff's hostile environment claims and reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff's assertion in her objection that this request is overly broad because it seeks information not "within the purview of Plaintiff's reasonable knowledge" is incorrect. Interrogatory No. 9 asks only for information of which Plaintiff is "aware." It appears, however, from Plaintiff's general response that she is aware of

"various incidents of sexually oriented conduct in the workplace." Thus, Plaintiff must describe this alleged conduct in detail as requested in Interrogatory No. 9.

**Interrogatory No. 12:** Describe in detail all actions which you took to communicate to the perpetrators of the alleged harassment that their conduct was unwelcome.

**Plaintiff's Answer:** Plaintiff never engaged or participated in any of the misconduct that she alleges above, communicating by her behavior that she neither welcomed nor cared to tolerate such offensive behavior.

**Argument:** Plaintiff's answer is unresponsive. Plaintiff fails to describe in detail how "she communicated by her behavior that she neither welcomed nor cared to tolerate such offensive behavior." In her Amended Complaint, Plaintiff alleges that she "did not encourage, participate in, or welcome this [sexually harassing] misconduct." Amended Complaint, ¶ 21. Thus, Defendant is entitled to a detailed description of any such efforts to resist or reject the alleged sexually harassing conduct. This information is both relevant and reasonably calculated to lead to the discovery of admissible evidence because Plaintiff relies on this assertion to support her claims in this case and thus must not be permitted to avoid providing a detailed explanation of it via the discovery process. Moreover, if Plaintiff did welcome the alleged harassing conduct, it is relevant to undermine her claim that the conduct was subjectively offensive.

**Interrogatory No. 13:** State in detail all facts on which you base the allegation set forth in ¶24 of your Complaint that your employment with the Defendant was terminated was because you are female.

**Plaintiff's Answer:** See Response No. 6. Further answering, Plaintiff states that she was not terminated due to legitimate performance based issues but because she was female. Plaintiff was terminated for pre-textual reasons, approximately one hour after reporting she complained about workplace harassment based on her gender.

**Argument:** Plaintiff's answer is unresponsive in that she merely repeats the allegation without any explanation. In her Amended Complaint, Plaintiff asserts that "[t]he Defendant's conduct referenced in the preceding paragraphs . . . was undertaken . . . because she was a female."

Amended Complaint, ¶ 24. A detailed explanation of this allegation is both relevant and reasonably calculated to lead to the discovery of admissible evidence because Plaintiff relies on this allegation to support her claims in this litigation. Plaintiff must not be permitted to assert such an allegation in her Amended Complaint and then avoid providing a detailed explanation of it via the discovery process.

**<u>Interrogatory No. 15:</u>** State in detail all physical and/or emotional injuries you claim as a result of the matters alleged in your Compliant.

**<u>Plaintiff's Answer</u>:** Plaintiff has suffered emotional distress, post traumatic stress disorder, anxiety, depression, sleep disturbances, tachycardia, personal relationship issues, and related symptoms as a result of the mistreatment from which she has suffered.

**<u>Argument</u>:** Plaintiff's answer is unresponsive. Plaintiff provides a list of physical and/or emotional injuries, but fails to describe such injuries in any detail. In her Amended Complaint, Plaintiff alleges that Defendant's violations of law have resulted in "physical and emotional injury." Amended Complaint, ¶¶ 27(e), 30, 32(e), 35, 40, 44. The information sought in Interrogatory No. 15 is both relevant and reasonably calculated to lead to the discovery of admissible evidence because Plaintiff asserts in her Amended Complaint that Defendant's actions have caused these injuries and relies upon these injuries, in part, to form the basis of her claim for damages in this litigation.

**<u>Interrogatory No. 16:</u>** Describe in detail the manner and extent to which Defendant's alleged conduct has caused irreparable harm to your reputation and professional mobility.

**<u>Plaintiff's Answer</u>:** Plaintiff has been advised by her treating medical care provider to remain out of work. It is Plaintiff's belief and understanding that both during and after her employment, demeaning and false rumors have been spread about her character. Moreover, she is believed to be falsely listed in the Defendant's official personnel documents as being terminated for misconduct, an assertion that will permanently influence her future employability.

**<u>Argument</u>:** Plaintiff asserts in her answer to Interrogatory No. 16 that "demeaning and false rumors have been spread about her character." This answer is not sufficient, as she has not

described in detail the "demeaning and false rumors . . about her character." In her Amended Complaint, Plaintiff's claimed injuries include "harm to her personal and professional reputation," Amended Complaint, ¶¶ 27(e), 32(e). Thus, the requested information is both relevant and reasonably calculated to lead to the discovery of admissible evidence because Plaintiff relies upon these injuries, in part, to form the basis of her claim for damages in this litigation.

**Interrogatory No. 17:** Describe in detail the manner and extent to which Defendant's alleged conduct has caused you extreme humiliation, as well as physical and emotional injury.

**Plaintiff's Answer:** See Previous Response No. 15, 16.

**Argument:** Plaintiff's answer is unresponsive in that she fails to describe any manner the alleged "humiliation" she suffered as a result of Defendant's actions. In her Amended Complaint, Plaintiff alleges, as part of her injuries, "humiliation." Amended Complaint, ¶¶ 27(e), 32(e). The requested information is both relevant and reasonably calculated to lead to the discovery of admissible evidence because Plaintiff asserts in her Amended Complaint that Defendant's actions have caused her to be "humiliated" and relies upon this injury, in part, to form the basis of her claim for damages in this litigation.

**Interrogatory No. 19:** Identify all health care providers, healers or practitioners whom you have consulted or been examined by since age seven through the date of your answers to these interrogatories. For each [any] such . . . health care provider, healer or practitioner, please provide the date of any consultation and/or examination, the reason for each such consultation and/or examination, and the diagnosis, if any, related to you by such medical professional, healer or practitioner.

**Plaintiff's Answer:** 1990-91, 1993-1998: Jone Garfield, therapist and Dr. Greer, psychiatrist at the Providence Center on Hope Street in Providence, RI-diagnosed with Post Traumatic Stress Disorder: Prescribed the anti-depressant Paxil.

September 2006-current, Dr. Kanter, psychiatrist, RI Hospital Clinic, located on Plain Street in Providence, diagnosed by Dr. Kanter with post-traumatic stress disorder and prescribed mediation Zoloft and Trazadone.

Primary Care Doctor is Dr. Megan Eckstein &Dr. Toll, Prescribe Heart Medication, propranaolol.

**<u>Argument</u>:** Plaintiff's answer is unresponsive in that she fails to "identify" health care providers as that term is defined in the Interrogatory Instructions, or to "provide the date of any consultation and/or examination, the reason for each such consultation and/or examination." In addition, Plaintiff fails to provide a "diagnosis" by two of the doctors she lists in her answer; Dr. Megan Eckstein and Dr. Toll. In her Amended Complaint, Plaintiff claims she is entitled to "an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including . . medical treatment." Amended Complaint, Prayer for Relief, ¶ c. In addition, Plaintiff asserts that Defendant's alleged conduct has caused her physical and emotional injury. <u>See</u> Amended Complaint, ¶¶ 30, 32(e), 35, 40, 44. The Plaintiff's answer to this interrogatory and the medical records proffered by Plaintiff, however, appear to indicate that Plaintiff suffered from similar physical and emotional complaints to those she now claims were caused by Defendant, prior to the Defendant's alleged acts. Thus, the requested information is both relevant and reasonably calculated to lead to the discovery of admissible evidence to both prove the amount of her claimed damages and support her claim that it was Defendant's conduct that caused her injuries, and not some preexisting physical or mental condition.

**<u>Interrogatory No. 20:</u>** Identify all of medications which have been prescribed for you—or any non-prescription medications which you have used on a regular basis—since age seven through the date of your answers to these interrogatories, describing in detail the condition for which such medication was prescribed, the dates when you consumed such medications, and the name and address of any health care provider, healer or practitioner who prescribed such medications.

**<u>Plaintiff's Answer</u>:** Objection. This Interrogatory is overly broad and not reasonably calculated to the discovery of relevant information. Notwithstanding this objection, please refer to Plaintiff's response in INTERROGATORY 19 for Plaintiff's current medications.

**<u>Argument</u>:** Plaintiff's answer is unresponsive in that she limits her response to medications that she is presently taking. In her Amended Complaint, Plaintiff claims she is entitled to "an order

that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including . . medical treatment." Amended Complaint, Prayer for Relief, ¶ c. In addition, Plaintiff asserts that Defendant's alleged conduct has caused her physical and emotional injury. See Amended Complaint, ¶¶ 30, 32(e), 35, 40, 44. The Plaintiff's answer to this interrogatory and the medical records proffered by Plaintiff, however, appear to indicate that Plaintiff had suffered from similar physical and emotional complaints to those she now claims were caused by Defendant, prior to the Defendant's alleged acts. Thus, the requested information is both relevant and reasonably calculated to lead to the discovery of admissible evidence to both prove the amount of her damages and to permit Defendant to test the veracity of her physical and emotional injury claims by reviewing her history of medication prior to Defendant's alleged acts.

For the foregoing reasons, Defendant requests that this Court order Plaintiff to provide further answers to Defendant's interrogatories within ten (10) days of the date of the hearing on, or determination of, this motion.

Respectfully submitted,

PRI XVIII, L.P. d/b/a
THE WESTIN PROVIDENCE

By its attorneys,

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

Dated: February 18, 2008

Of Counsel:

Dennis R. Gannon (#2280)
1140 Reservoir Avenue, Suite 3A
Cranston, RI 02920
(401) 228-8180
(866) 909-9863 (facsimile)
dgannonesq@cox.net

## RULE 37(a) CERTIFICATION

The undersigned hereby certifies that he attempted to, in good faith, confer with Plaintiff vial telephone and a letter dated January 18, 2008, in an attempt to secure disclosure of the requested discovery without court action.

/s/ Neal J. McNamara

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2008, this document filed through the ECF system will be sent electronically to the following registered participants who are eligible to receive electronic filings as identified on the Notice of Electronic Filing (NEF):

1. Stephen T. Fanning, Esq. @ Stephenfanning@msn.com

2. Dennis R. Gannon, Esq. @ dgannonesq@cox.net

/s/ Neal J. McNamara